IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DATANET LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:22-cv-1142-OLG |
| v. | § § | |
| DROPBOX INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § | |

**<u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | BACKGROUND ..................................................................................................... | 2 |
| III. | LEGAL STANDARD.............................................................................................. | 2 |
| IV. | ARGUMENT........................................................................................................... | 3 |
| | A. Datanet's Claim For Induced Infringement Should Be Dismissed........................ | 3 |
| | B. Datanet's Claim For Contributory Infringement Should Be Dismissed................ | 5 |
| | C. Datanet's Claim For Willful Infringement Should Be Dismissed. ....................... | 7 |
| V. | CONCLUSION........................................................................................................ | 8 |

**I.      INTRODUCTION**

Plaintiff Datanet LLC ("Datanet") accuses Dropbox Inc. ("Dropbox") of infringing three patents: U.S. Patent Nos. 8,473,478 (the "'478 Patent"), 9,218,348 (the "'348 Patent"), and 10,585,850 (the "'850 Patent") (collectively, the "Asserted Patents"). According to the Court's procedures, Dropbox has thrice notified Datanet of deficiencies in its allegations for willful, indirect, and contributory infringement: once after Datanet filed its original Complaint, again after Datanet filed its First Amended Complaint, and again after Datanet filed its Second Amended Complaint. Datanet has failed to cure the deficiencies each time. Now on its Second Amended Complaint, Datanet's allegations remain comprised of conclusory allegations that do little more than parrot the claim elements for induced, contributory, and willful infringement.

For induced and contributory infringement, Datanet merely recites elements of the legal standards without pleading any relevant, specific facts in support. Lacking any basis in fact, Datanet's generalized allegations are insufficient to allege specific intent as required for induced infringement. And, for contributory infringement, Datanet fails to identify any component that constitutes a material part of the alleged inventions or provide any basis to infer that Dropbox knew any component to be especially made or adapted for use in infringing. Moreover, Datanet does not plausibly allege that any component is not a staple article of commerce suitable for substantial noninfringing use.

Datanet's claim for willful infringement fares no better. Rather than include specific, factual allegations, Datanet provides a one-sentence conclusory statement: "Upon information and belief, Defendant's infringement at least as of the filing and service of the original Complaint (Dkt. 1) in this case has, and continues to be, knowing, intentional and willful." D.E. 22 at ¶¶ 72, 94, 116. No reasonable inference can be made that the alleged post-suit conduct in this case constitutes willful infringement.

Given these deficiencies, Dropbox moves to dismiss Datanet's claims for induced, contributory, and willful infringement pursuant to Rule 12(b)(6). This motion should be granted.

## II. BACKGROUND

On October 31, 2022, Datanet filed its Complaint against Dropbox, alleging direct and indirect infringement of the Asserted Patents. D.E. 1. Datanet's Complaint accused Dropbox of infringing the Asserted Patents based on its "flagship service called Dropbox," which Datanet described as "a file storage system that provides large blocks of encrypted cloud storage space for its users to store and/or backup all of their content." *Id.* at ¶¶ 36, 37.

According to the Court's procedures, Dropbox notified Datanet that its counts for indirect and willful infringement were insufficient to state a claim upon which relief could be granted. Thereafter, Dropbox twice amended its complaint in an attempt to cure the deficiencies. *See* D.E. 13; D.E. 18; D.E. 20; D.E. 22.

Although Dropbox notified Datanet that its counts for indirect and willful infringement remain deficient in the Second Amended Complaint, Datanet elected not to amend again. Now, Dropbox moves to dismiss those counts.[1]

## III. LEGAL STANDARD

A complaint must include specific factual allegations in support of the claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Instead, a complaint must contain

---

[1] Datanet also brings counts for direct infringement. Because answering the counts for direct infringement while also moving to dismiss the counts for indirect and willful infringement would create "a 'dual-track' litigation involving…multiple and duplicative sets of pleadings," and because courts in this District follow the "majority rule" that a partial motion to dismiss extends the time to respond to the entire complaint, Dropbox will file an answer to the direct infringement counts within the time prescribed by the Federal Rules of Civil Procedures. *See, e.g.*, *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-*2 (W.D. Tex. May 15, 2009) (collecting cases).

sufficient factual matter that, when accepted as true, "state[s] a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV.   **ARGUMENT**

   A.   **Datanet's Claim For Induced Infringement Should Be Dismissed.**

For induced infringement, a plaintiff must show the defendant: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe; and (3) had specific intent to induce the infringement. *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). Thus, to state a claim, a plaintiff "must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent *and knew* that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotes omitted) (emphasis added).

Here, Datanet's induced infringement claim fails because Datanet does not sufficiently allege specific intent. Instead, Datanet only alleges the following:

> Defendant has induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, sell, offer for sale and/or import accused products and/or services. Defendant has done so by acts including but not limited to selling accused products and/or services to its customers; marketing accused products and/or services; and providing instructions, technical support, and other support and encouragement (available at https://www.dropbox.com/features/cloudstorage/computerbackup?_tk=paid_sem_goog_indv_b&_camp=1520910855&_kw=dropbox%20computer%20backup|{bidmatchtype}&_ad=481049217537||c&gclid=CjwKCAjwsfuYBhAZEiwA5a6CDH7LWOF0sZYd2pMawabmS6TO2QU2HCVxyiQo6Rm-KYIsFjTNRFr3phoCpJAQAvD_BwE, or https://help.dropbox.com/delete-restore/recover-older-versions, or https://learn.dropbox.com/self-guided-learning/dropbox-fundamentals-course/, for instance) for the use of accused products and/or services to provide data back up and retrieval, with knowledge of the accused products and/or services [sic] infringement of the [Asserted Patents]. Such conduct by Defendant was specifically intended to and actually resulted in

3

> direct infringement, including the making, using, testing, selling, offering for sale, and/or importation of accused products and/or services in the United States. Dropbox has [sic] knowledge at least as early as the filing and service of the original Complaint (Dkt. 1) in this case that its Dropbox product/service is especially made to infringe the [Asserted Patents] as it is made specifically to perform infringing data backup and retrieval as claimed in the [Asserted Patents]….Based at least on Plaintiff's infringement allegations in the Original Complaint (Dkt. 1), Dropbox knew or should have known that its conduct is infringing the [Asserted Patents] and Dropbox is acting with specific intent to infringe the '478 Patent and to induce and contribute to the infringement of the [Asserted Patents] by others.

D.E. 22 at ¶ 70; *see also id.* at ¶¶ 92 ('348 Patent), 114 ('850 Patent).

Such unsubstantiated and generalized allegations are insufficient to allege specific intent. *Affinity Labs*, 2014 WL 2892285, at *7 ("[G]eneralized allegations that Toyota induced others to infringe...through its marketing and sales tactics are likewise insufficient."). Datanet's assertions that Dropbox has sold, marketed, provided instructions, provided "technical support," and provided "other support and encouragement" are not factual allegations from which the Court can reasonably infer that Dropbox specifically intends infringement to occur. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (holding that a well-pled "complaint[] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe [the asserted] patent and knew that the customer's acts constituted infringement"). Indeed, specific intent requires "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021) (quoting *DSUMed*, 471 F.3d at 1306); *see also Affinity Labs*, 2014 WL 2892285, at *7 (dismissing induced infringement claims for failure to allege how plaintiff induced infringement).

Thus, the claim for post-suit induced infringement should be dismissed.

4

**B.     Datanet's Claim For Contributory Infringement Should Be Dismissed.**

To state a claim for contributory infringement, a plaintiff must plead sufficient facts to plausibly show that (1) the alleged infringer offers to sell, sells, or imports into the U.S. a component that constitutes a material part of the alleged inventions; (2) the component is not a staple article of commerce suitable for substantial noninfringing use; and (3) the alleged infringer knew the component to be especially made or adapted for use in infringing.  *Bill of Lading*, 681 F.3d at 1337.

Again, Datanet's allegations are deficient in multiple ways:

***First***, Datanet's Complaint does not identify any component that is allegedly part of the claimed inventions, let alone plausibly allege that any such component is a material part.  Instead, Datanet vaguely alleges that the "accused products and/or services" have "hardware components and software instructions" without more.  D.E. 22 at ¶¶ 71, 93, 114.  Specifically, according to Datanet, "Defendant knows that the accused products and/or services include hardware components and software instructions that work in concert to perform specific, intended functions," and "[s]uch specific, intended functions, carried out by these hardware and software combinations are a material part of the inventions of the [Asserted Patents]."  *Id.*

Yet Datanet never identifies what "hardware components and software instructions" allegedly constitute a component of the claimed invention.  Nor does it identify any of the "specific, intended functions" that are allegedly "carried out."  And it provides no *factual* allegation regarding the nebulous "hardware and software combinations" being "a material part of the inventions."  For this reason alone, Datanet fails to state a claim for contributory infringement. *See Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015) (no claim for contributory infringement where, *inter alia*, complaint did not "identify any components of the accused devices that are a material part of the invention").

***Second***, Datanet does not plead any facts to support its conclusory allegation that the unidentified "hardware components and software instructions" are not a staple article of commerce or lacking a substantial non-infringing use. Datanet merely alleges that "[s]uch specific, intended functions, carried out by these hardware and software combinations"—whatever they may be—"are not staple articles of commerce suitable for non-infringing use." D.E. 22 at ¶¶ 71, 93, 114.

Again, these allegations lack support, and Datanet's claim should be dismissed. *See BillJCo*, 583 F. Supp. 3d at 782 ("BillJCo alleges that iPhones and iPads have no substantial noninfringing uses. BillJCo offers nothing to support this contention. The Court, therefore, disregards BillJCo's allegation regarding substantial noninfringing uses as conclusory. Accordingly, the Court finds that BillJCo has insufficiently pleaded contributory infringement." (internal citations omitted)); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-999, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing contributory infringement claim where the plaintiff's "conclusory allegation that '[t]he components provided by [the defendant] are not staple articles of commerce suitable for substantial non-fringing [sic] use,' is no more than a 'threadbare recital' of one of the elements of a contributory infringement claim." (internal citation omitted)).

***Third***, even if Datanet had identified an allegedly material component, there is no factual allegation from which the Court could reasonably infer Dropbox knew any component to be especially made or adapted for use in infringing any Asserted Patent. *See* D.E. 22 at ¶¶ 70-71 (attempting to allege contributory infringement of '478 Patent and never mentioning any component being especially made or adapted for infringement), 92-93 (same for '348 Patent), 114-15 (same for '850 Patent). As a result, Datanet's Complaint lacks the necessary "factual content that allows the court to draw the reasonable inference that the defendant is liable" for contributory infringement. *Inhale, Inc v. Gravitron, LLC*, No. 1-18-cv-762, 2018 WL 7324886, at *3 (W.D.

6

Tex. Dec. 10, 2018) (quoting *Iqbal*, 556 U.S. at 678).

Thus, Datanet's claim for post-suit contributory infringement should be dismissed.

**C.     Datanet's Claim For Willful Infringement Should Be Dismissed.**

Because Datanet has dropped its claim for pre-suit willful infringement, "the only relevant knowledge and conduct would be that which occurred post-suit."[2] *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018).

To allege willful infringement, a plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). This requires alleging facts to plausibly show the defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

Here, Datanet's allegations of willful infringement amount to three conclusory sentences repeated for each of the Asserted Patents: (i) "Defendant's continued sales and instructions to customers to use its Dropbox product/service is willful infringement as such infringement is being instructed and thus conducted with full knowledge of the [Asserted Patents]" (D.E. 22 at ¶¶ 70, 92, 114); (ii) "Defendant's continued sales and instructions to customers to use its Dropbox product/service is willful infringement as such infringement is being instructed and thus conducted

---

[2] In fact, relying on a section of *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) that was not addressed in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016), many district courts have held that a claim for *post-suit* willful infringement cannot survive absent an allegation that the accused infringer knew of the patent before the lawsuit's filing. *See, e.g.*, *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137 (N.D. Cal 2018) (dismissing willfulness claim where there were no allegations of pre-suit knowledge); *Wis. Alumni Research Found. v. Apple, Inc.*, 261 F. Supp. 3d 900, 917-18 & n.6 (W.D. Wis. 2017), *aff'd in part, rev'd in part*, 905 F.3d 1341 (Fed. Cir. 2018) (same); *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) (same).

with full knowledge of the [Asserted Patents]" (*id.* at ¶¶ 70, 92, 114); and (iii) "Upon information and belief, Defendant's infringement at least as of the filing and service of the original Complaint (Dkt. 1) in this case has, and continues to be, knowing, intentional and willful" (*id. at ¶¶ 72, 94; see also id. at ¶ 115*.).  That is it.

Datanet asserts no facts to support a reasonable inference that Dropbox infringed the Asserted Patents "after acquiring" knowledge of the Asserted Patents or that "in doing so, it knew or should have known that its conduct amounted to infringement." *Parity*, 2019 WL 3940952, at *3.  And pleading that a defendant continued to manufacture and sell products after the filing and service of a complaint, as Datanet does, is "the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." *M & C Innovations*, 2018 WL 4620713, at *5 (quoting *Halo*, 136 S. Ct. at 1935).  Indeed, "this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint." *Id.*

There must be some "culpable conduct" identified or some "set of facts supporting an inference of culpable conduct." *See, e.g.*, *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021).  Here, Datanet failed to include any such allegations.  Thus, Datanet's claim for willful infringement should be dismissed.  *See id.*

V.   **CONCLUSION**

For these reasons, Dropbox respectfully requests the Court grant its Motion and dismiss Datanet's claims for induced, contributory, and willful infringement of the Asserted Patents.

Dated: February 20, 2023                                   Respectfully submitted,

                                               */s/ Elizabeth M. Chiaviello*
                                               Elizabeth M. Chiaviello
                                               Texas Bar No. 24088913
                                               *elizabeth.chiaviello@morganlewis.com*
                                               **MORGAN, LEWIS & BOCKIUS, LLP**
                                               1717 Main Street, Suite 3200
                                               Dallas, Texas 75201
                                               (214) 466-4000 Telephone
                                               (713) 466-4001 Facsimile

                                               Robert C. Bertin*
                                               D.C. Bar No. 469582
                                               *robert.bertin@morganlewis.com*
                                               **MORGAN, LEWIS & BOCKIUS LLP**
                                               1111 Pennsylvania Avenue, NW
                                               Washington, D.C. 20004
                                               Telephone: (202) 739-3000
                                               Facsimile: (202) 739-3001

                                               Michael J. Lyons*
                                               California Bar No. 202284
                                               *michael.lyons@morganlewis.com*
                                               **Morgan, Lewis & Bockius LLP**
                                               1400 Page Mill Road
                                               Palo Alto, CA 94304
                                               T: 650.843.4000
                                               F: 650.843.4001

                                               Karon F. Fowler*
                                               *karon.fowler@morganlewis.com*
                                               **MORGAN, LEWIS & BOCKIUS LLP**
                                               110 North Wacker Drive, Suite 2800
                                               Chicago, Illinois 60606
                                               T: 312.324.1000
                                               F: 312.324.1001

                                               *Admitted pro hac vice

                                               ***Attorneys for Defendant Dropbox, Inc.***

**CERTIFICATE OF CONFERENCE**

In accordance with Judge Orlando L. Garcia's procedures for motions to dismiss (see Court Fact Sheet, ¶ 36), I hereby certify that on February 8 and 15, 2023, Elizabeth M. Chiaviello, counsel for Defendant conferred with Plaintiff's counsel on this Motion, and Plaintiff's counsel stated that Plaintiff will not amend its claims on post-suit indirect and willful infringement, and is opposed to this Motion.

                                                        */s/ Elizabeth M. Chiaviello*
                                                       Elizabeth M. Chiaviello

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 20th day of February 2023, with a copy of this document via the Court's CM/ECF system.

                                                        */s/ Elizabeth M. Chiaviello*
                                                       Elizabeth M. Chiaviello