# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Datanet LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Dropbox Inc.,<br><br>    Defendant. | Case No. 6:22-cv-01142-OLG<br><br>**JURY TRIAL DEMANDED** |

### [PROPOSED] SCHEDULING ORDER AND ORDER GOVERNING PROCEEDINGS

Pursuant to Rule 16, the Court orders that the following schedule and case management order that will govern deadlines and procedures up to and including the trial of this matter:

| Date | Event |
|---|---|
| April 12, 2023 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| May 10, 2023 | Deadline to file a motion for transfer. Venue discovery opens. After this deadline, movants must seek leave of Court and show good cause for the delay. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| May 15, 2023 | A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed REGARDLESS OF WHETHER THE PARTIES CONCLUDE THAT ADR IS APPROPRIATE OR NOT, THE PARTIES SHALL INCLUDE THE NAME, ADDRESS AND TELEPHONE NUMBER OF A COURT-APPROVED MEDIATOR OR A MEDIATOR AGREED UPON BY BOTH PARTIES IN THEIR ADR REPORT. A list of court-approved neutrals and alternative dispute resolution summary form may be obtained at https://www.txwd.uscourts.gov/programs-services/alternative-disputeresolution/. If you do not have access to the internet, you may call the United States District Clerk's office at (210) 6550 to obtain a copy. |
| 8 weeks after infringement contentions<br><br>June 7, 2023 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 10 weeks after infringement contentions<br><br>June 21, 2023 | Parties exchange claim terms for construction. |
| June 15, 2023 | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties. |
| 10 weeks after Motion to Transfer filed | Venue discovery closes. |
| June 29, 2023 | Each opposing party shall respond, in writing, to the written offer of settlement. |
| 12 weeks after infringement contentions<br><br>July 7, 2023 | Parties exchange proposed claim constructions. |
| 2 weeks after Venue Discovery Closes | File any response brief to any motion to transfer. |
| 13 weeks after infringement | Parties disclose extrinsic evidence. The parties shall |

| | |
|---|---|
| contentions<br><br>July 12, 2023 | disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 2 weeks after any response to motion to transfer | File any reply brief in support of any motion to transfer. |
| 14 weeks after infringement contentions<br><br>July 19, 2023 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 15 weeks after infringement contentions<br><br>July 26, 2023 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 18 weeks after infringement contentions<br><br>August 16, 2023 | Plaintiff files Responsive claim construction brief. |
| 20 weeks after infringement contentions<br><br>August 30, 2023 | Defendant files Reply claim construction brief. |
| 22 weeks after infringement contentions<br><br>September 13, 2023 | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply<br><br>September 18, 2023 | Parties file a Joint Claim Construction. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

3

| | |
|---|---|
| 23 weeks after infringement contentions (but at least 10 days before *Markman* hearing)<br><br>September 15, 2023 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| September 18, 2023 | The parties shall mediate this case on or before this date, unless the parties seek an order from the Court excusing them from mediation. |
| 24 weeks after infringement contentions<br><br>September 27, 2023 (or another date the Court deems appropriate) | *Markman* Hearing at 9:00 a.m.<br><br>This date is a placeholder and the Court may adjust this date as appropriate. |
| 1 business day after *Markman* hearing<br><br>September 28, 2023 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* Hearing<br><br>November 8, 2023 | Deadline to add parties. |
| 8 weeks after *Markman* Hearing<br><br>November 20, 2023 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after Markman Hearing<br><br>January 17, 2024 | Deadline to amend pleadings, including the deadline for plaintiff to re-plead claims of pre-suit indirect and/or willful infringement. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman*<br><br>March 27, 2024 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. |

|  |  |
| --- | --- |
| 30 weeks after *Markman* Hearing<br><br>April 24, 2024 | Close of Fact Discovery.  Fact discovery must be completed by this date.  Any fact discovery requests must be propounded so that the responses are due by this date. |
| 31 weeks after *Markman* Hearing<br><br>May 1, 2024 | Opening Expert Reports. |
| 35 weeks after *Markman* Hearing<br><br>May 31, 2024 | Rebuttal Expert Reports. |
| 38 weeks after *Markman* Hearing<br><br>June 19, 2024 | Close of Expert Discovery. |
| 39 weeks after *Markman* Hearing<br><br>June 26, 2024 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* Hearing<br><br>July 1, 2024 | Dispositive motion deadline and *Daubert* motion deadline.<br><br> An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (14) days of receipt of the written report of the expert's proposed testimony, or within (14) days of the expert's deposition, if a deposition is taken, whichever is later. |
| 42 weeks after *Markman* Hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery, and deposition |

| | |
|---|---|
| July 17, 2024 | designations). |
| 44 weeks after *Markman* Hearing<br><br>July 31, 2024 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* Hearing<br><br>August 7, 2024 | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| 46 weeks after *Markman* Hearing<br><br>August 14, 2024 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 47 weeks after *Markman* Hearing<br><br>August 21, 2024 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference.<br><br>August 29, 2024 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after Markman hearing (or as soon as practicable)<br><br>September 6, 2024 | Final Pretrial Conference. The parties should consult Local Rule CV-16 regarding matters to be filed in advance of a pretrial conference and/or trial. |
| 52 weeks after *Markman* hearing (or as soon as practicable)<br><br>September 25, 2024 at 9:30 am (or another date | Jury Selection and Trial |

| the Court deems appropriate) | |
|---|---|

## **GENERAL DISCOVERY LIMITS**

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery shall be stayed until after the *Markman* hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant it. For example, if discovery outside the United States is contemplated via the Hague, the Court is inclined to allow such discovery to commence before the *Markman* hearing.

Following the Markman hearing, the following discovery limits apply. The Court will consider reasonable requests to adjust these limits should circumstances warrant.
1. Interrogatories: 30 per side
2. Requests for Admission: 45 per side
3. Requests for Production: 75 per side
4. Fact Depositions: 70 hours per side (for both party and non-party witnesses combined)
5. Expert Depositions 7 hours per report[3]

**Electronically Stored Information.** As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose or propose an alternate plan. If the parties cannot agree, the parties shall file a discovery motion in accordance with this Court's procedures. *See* Fact Sheet for Judge Orlando Garcia (Civil Cases), ¶¶ 18, 58.

## **VENUE & JURISDICTIONAL DISCOVERY**

The Court hereby establishes the following presumptive limits on discovery related to venue and jurisdiction: each party is limited to 5 interrogatories, 10 Requests for Production, and 10 hours of deposition testimony. The time to respond to such discovery requests is reduced to 20 days. If a party believes these limits should be expanded, the parties shall meet and confer with opposing counsel. If the parties cannot agree, the parties shall file a discovery motion in accordance with this Court's procedures. *See* Fact Sheet for Judge Orlando Garcia (Civil Cases), ¶¶ 18, 58.

---

[3] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

Venue or jurisdictional discovery automatically opens upon the filing of an initial venue or jurisdictional motion and shall be completed no later than 10 weeks after the filing of such motion. The party seeking a modification of the briefing schedule should file a motion to extend the deadline.  *See* Fact Sheet for Judge Orlando Garcia (Civil Cases), ¶ 34.

## **MOTIONS FOR TRANSFER**

The deadlines for filing a motion to transfer, for taking venue discovery, and for filing any response and reply, are set forth in the schedule above.

If a motion to transfer remains pending, the parties request that the Court either promptly resolve the pending motion before the *Markman* hearing, or postpone the *Markman* hearing. Whenever a *Markman* hearing is postponed pursuant to this Order (e.g., because the transfer motion has not yet ripened or only recently ripened), Fact Discovery will begin one day after the originally scheduled *Markman* hearing date.

## **MEET AND CONFER REQUIREMENT FOR EARLY MOTIONS TO DISMISS INDIRECT AND WILLFUL INFRINGEMENT**

Any party seeking to dismiss claims of indirect or willful infringement before fact discovery must first meet and confer with the opposing party to discuss dismissing those allegations without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11. Under this agreement, the patent owner may re-plead those allegations within three months after fact discovery opens, and the parties agree to permit fact discovery on indirect and willful infringement during those three months. The party moving to dismiss must attach a certification of compliance with this OGP to its motion to dismiss.

An agreement to dismiss under this section shall be filed as a joint notice instead of as a motion.

## **INTERIM PROTECTIVE ORDER**

The Court provides a Model Protective Order on its website. Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

# CLAIM CONSTRUCTION

## Limits for Number of Claim Terms to be Construed

**Terms for Construction.** The "presumed limit" on the number of claim terms to be construed is the maximum number of terms that each side may request the Court to construe without further leave of Court. If the Court grants leave for additional terms to be construed, depending on the complexity and number of terms, the Court may split the *Markman* hearing into multiple hearings.

The presumed limits based on the numbers of patents-in-suit are as follows:

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|
| 8 terms | 10 terms | 12 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

## Briefing Procedure and Page Limits

The Court will require non-simultaneous *Markman* briefing with the following default page limits. When exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits.

The default order of terms in the parties' briefs shall be based on 1) the patent number (lowest to highest), the claim number (lowest to highest), and order of appearance within the lowest number patent and claim. An example order may be as follows:

1. 10,000,000 Patent, Claim 1, Term 1
2. 10,000,000 Patent, Claim 1, Term 2 (where Term 2 appears later in the claim than does Term 1)
3. 10,000,000 Patent, Claim 2, Term 3 (where Term 3 appears later in the claim than does Terms 1 and 2)
4. 10,000,001 Patent, Claim 1, Term 4
5. 10,000,001 Patent, Claim 3, Term 5
6. 10,000,002 Patent, Claim 2, Term 6

If that same or similar terms appear in multiple claims, those same or similar terms should be ordered according to the lowest patent number, lowest claim number, and order of appearance within the patent and claim.

| Brief | 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|---|
| Opening (Defendant) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for |

|  |  |  | each patent over 5 up to a maximum of 45 pages |
|---|---|---|---|
| Response (Plaintiff) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Reply (Defendant) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |
| Sur-Reply (Plaintiff) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

After briefing concludes, the parties shall file a Joint Claim Construction Statement.

### **Technology Tutorials and Conduct of the *Markman* Hearing**

Technology tutorials are optional, especially in cases where a technical advisor has been appointed. If the parties submit one, the tutorial should be in electronic form, with voiceovers, and submitted at least 10 days before the *Markman* hearing. In general, tutorials should be: (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side. The tutorial will not be part of the record and the parties may not rely on or cite to the tutorial in other aspects of the litigation.

If the Court issues a preliminary construction, the party opposing the Court's preliminary construction shall go first. If both parties oppose the Court's preliminary construction, or if there is no preliminary construction, the plaintiff shall typically go first.

### **GENERAL ISSUES**

1. Speaking objections during depositions are improper. Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague." Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

2. The Court does not limit the number of motions for summary judgment (MSJs), *Daubert* motions,[4] or Motions *in limine* (MIL) a party may file. However, absent leave of Court, the cumulative page limit for opening briefs for all MSJs is 40 pages per side, for all *Daubert* motions is 40 pages per side, and for all MILs is 15 pages per side. Each responsive MSJ, *Daubert*, and MIL brief is limited to the pages utilized in the opening brief or by the local rules, whichever is greater; and the cumulative pages for responsive briefs shall be no more than cumulative pages utilized in the opening briefs. Reply brief page limits shall be governed by the local rules, but in no event shall the cumulative pages of reply briefs exceed 20 pages per side for all MSJs, 20 pages per side for all *Daubert* motions, and 10 pages for all MILs.

3. When citing cases or exhibits in a motion, parties shall pin cite the relied-upon section of a case or exhibit. The Court encourages parties to highlight and/or annotate the relied-upon sections of exhibits (*e.g.*, patents, transcripts, contracts) to facilitate the Court's analysis of the motion. A supporting declaration should identify if an any exhibit is highlighted or annotated.

4. Parties shall promptly notify the Court if they reach a settlement in a case and request to stay any deadlines.

SIGNED this _____ day of _____, 20____.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[4] This includes any motion filed after opening expert reports that seeks to strike or preclude the use of any part of an expert report for any reason, including procedural reasons.