UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DATANET LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-CV-01142-OLG-DTG |
| | § | |
| | § | JURY TRIAL DEMANDED |
| **DROPBOX INC.,** | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO:   THE HONORABLE ORLANDO L. GARCIA,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is a suit filed by plaintiff Datanet LLC ("Datanet") alleging patent infringement against defendant Dropbox Inc. ("Dropbox"). Before the Court is Dropbox's partial motion to dismiss Datanet's claims for willful infringement and indirect (induced and contributory) infringement pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 20, 2023. ECF No. 23. Datanet filed a response in opposition on March 6, 2023. ECF No. 24. Dropbox filed a reply in support of its partial motion to dismiss on March 13, 2023. ECF No. 25.

For the reasons discussed herein, the Court concludes that the pre-suit claims of indirect and willful infringement have not been pleaded with sufficient particularity, and thus, **RECOMMENDS** that the Court **GRANT IN PART** Dropbox's motion in that the pre-suit willfulness and

indirect infringement should be **DISMISSED WITHOUT PREJUDICE** to with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11 within three months after fact discovery re-opens. The Court concludes that the post-suit claims of indirect and willful infringement have been sufficiently pleaded, and thus **RECOMMENDS** that the Court otherwise **DENY IN PART** Dropbox's Motion to Dismiss as to the post-suit claims of willful infringement and indirect infringement.

## I.   FACTUAL BACKGROUND

Datanet has asserted that Dropbox infringes several patents. In its original complaint filed October 31, 2022, Datanet alleges infringement of United States Patent Nos. 8,473,478, entitled "Automatic Real-Time File Management Method and Apparatus"; 9,218,348, entitled "Automatic Real-Time File Management Method and Apparatus"; and 10,585,850, entitled "Automatic Real-Time File Management Method and Apparatus." Dropbox asserts that it notified Datanet of alleged deficiencies in its original complaint pursuant to this Court's local rules. Datanet amended and refiled its complaint. ECF No. 18 (Amended Complaint). but Dropbox again notified Datanet of deficiencies, and Datanet amended its complaint again. ECF No. 23 at 3.[1] Now Datanet's Second Amended Complaint is the operative complaint in this case. ECF No. 22 (Second Amended Complaint, filed February 3, 2023). Dropbox asserts it has notified Datanet of its deficiencies as to induced, contributory, and willful infringement allegations being conclusory. Dropbox states that on February 8 and 15, 2023, it conferred with Datanet's counsel on this Motion, and Datanet's counsel stated that Datanet will not amend its claims on post-suit indirect and willful infringement and that Datanet is opposed to this Motion. ECF No. 23 at 12.

---

[1] Unless otherwise noted, references to pagination of docket items refers to the pagination in the CM/ECF header of the PDF document instead of, for example, a page number in the footer of a brief as drafted in Word.

Datanet's Second Amended Complaint asserts willful infringement as well as contributory and induced infringement. ECF No. 22 at ¶¶ 70–72, 92–94, 114–15. Datanet argues that Dropbox's file hosting/backup service infringes its patent. Id. at ¶ 2.

## II.   LEGAL STANDARD

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a Rule 12(b)(6) Motion, the court must "accept[] all well-pleaded facts as true, view[ing] them in the light most favorable to the plaintiff, and draw[] all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). Accepting the facts as true, the fact must be sufficient such that the claim "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include specific factual allegations in support of the claim. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). For an allegation of induced infringement to survive a motion to dismiss, the Federal Circuit has articulated recently in *Lifetime* that a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citing *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Specific intent requires "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had

knowledge of the direct infringer's activities." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 20-cv-876, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021). Inherent in these elements is that a plaintiff must demonstrate that "the defendant knew of the patent." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-cv-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019).

To state a claim for contributory infringement, a plaintiff must plead sufficient facts to plausibly satisfy the requirements of 35 U.S.C. § 271(c), which the Federal Circuit recently articulated as a three-element test in *Bill of Lading*: that (1) the alleged infringer offers to sell, sells, or imports into the U.S. a component that constitutes a material part of the alleged inventions; (2) the component is not a staple article of commerce suitable for substantial noninfringing use; and (3) the alleged infringer knew the component to be especially made or adapted for use in infringing. *Bill of Lading*, 681 F.3d at 1337. Inherent in these elements, or sometimes expressed as a separate element, is that the alleged infringer has knowledge of the patents. *E.g.*, *Parity*, 2019 WL 3940952, at *2.

To state a claim for willful infringement, a plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). This requires alleging facts to plausibly show the defendant (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known, that its conduct amounted to infringement of the patent. *Monolithic*, 2021 WL 3931910, at *5.

### III.    ANALYSIS

**A. Pre-Suit Willful Infringement and Indirect Infringement**

The parties offer conflicting views on the pre-suit allegations of inducement of infringement, contributory infringement, and willful infringement. In its opening motion to dismiss, Dropbox suggests that Datanet has dropped its pre-suit claims. ECF No. 23 at 9 ("Because Datanet has dropped its claim for pre-suit willful infringement, 'the only relevant knowledge and conduct would be that which occurred post-suit.'"). Datanet denies that it limited its allegations to post-suit inducement of infringement, contributory infringement, and willful infringement, and in succeeding footnotes argues that Dropbox waived that argument, but also affirms that Datanet will dismiss those pre-suit claims. ECF No. 24 at 3 fn. 1 & 2.

The Court is persuaded that the claims for pre-suit inducement of infringement, contributory infringement, and willful infringement should be dismissed. Dropbox properly addressed all of the claims raised by Datanet, and Datanet has affirmatively stated it is dropping those claims. Additionally, inducement of infringement, contributory infringement, and willful infringement (pre- or post-suit) require knowledge of the patents. *Commil*, 575 U.S. at 639. The Court finds nothing in the pleading to establish Dropbox's knowledge of the patents before filing the lawsuit. Therefore, it is the recommendation of the Court that Dropbox's Motion regarding pre-suit inducement of infringement, contributory infringement, and willfulness should be **GRANTED** and those claims dismissed without prejudice to re-plead if such evidence is developed during discovery.

B. **Post-Suit Induced Infringement**

Dropbox points to paragraphs 70, 92, 114 of Datanet's Second Amended Complaint as the only allegations of induced infringement of the Patents. ECF No. 23 at 5–6 (citing ECF No. 22). Dropbox argues that Datanet's assertions that Dropbox has sold, marketed, provided instructions, provided "technical support," and provided "other support and encouragement" are not factual allegations from which the Court can reasonably infer that Dropbox specifically intends

infringement to occur. *Id.* at 6. Dropbox argues that Datanet has not alleged conduct "directed to encouraging another's infringement." ECF No. 25 at 2 (quoting *Monolithic*, 2021 WL 3931910, at *5). Dropbox argues that Datanet's induced infringement allegations citing "the content of many link titles" on Dropbox's website cannot suffice to be a well-pleaded claim for induced infringement. ECF No. 25 at 3 (citing *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) ("Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct, directed to encouraging another's infringement,' i.e., specific intent to encourage infringement.")). Dropbox argues that *Core Wireless* and *American Vehicular Sciences* stand for the proposition that Dropbox providing instructions to customers cannot be sufficient to state a claim of induced infringement against Dropbox. *See* ECF No. 25 at 3–4 (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 14-cv-752, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015), *report and recommendation adopted*, No. 14-cv-752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015); *Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 13-cv-307, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014)). In reply Dropbox also claims that Datanet's reference in its opposition brief to "willful blindness" of its customers' acts constituting infringement does not appear in the complaint, nor is there sufficient factual allegations for that to be true. *Id.* at 4–5.

Datanet argues that its Complaint charts how Dropbox's software and technical guides induce third-party customers of Dropbox to infringe Datanet's patents. ECF No. 24 at 11 (citing ECF No. 22 at ¶¶ 70, 92, and 114). Datanet argues that the same analysis that occurred in *BillJCo* can apply to this case: there, the *BillJCo* court found that it was reasonable to infer defendant's affirmative intent to encourage post-suit induced infringement given that "[t]he Complaint allege[d] that [defendant] . . . had knowledge of the Asserted Patents since [plaintiff] filed the Complaint and . .

6

. also map[ped] claim limitations to instructions in [defendant's] developer guides." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 781 (W.D. Tex. 2022). Datanet argues that the detailed claim charts and web links citing Dropbox's website contained in the Complaint allow the Court to reasonably infer specific intent. ECF No. 24 at 11 (citing *BillJCo*, 583 F. Supp. 3d at 781; ECF No. 22 at ¶¶ 70, 92, and 114). Specifically, Datanet claims that the titles of the web links in its complaint substantiate that the claim limitations can be mapped onto the accused products, and must be accepted as true. ECF No. 24 at 12 ("/cloud **storage/computer-backup**", "dropbox.com/**delete-restore/recover-older-versions**", and "dropbox.com/**self-guided-learning/dropbox-fundamentals-course**/"). Datanet cites this court's holding in *Modern Font Application LLC v. Red Lobster Hospitality LLC*, that advertising with instructions on how to use the infringing features is sufficient to permit an inference of specific intent. No. 21-cv-470, slip op. at 5 (W.D. Tex. Jan 28, 2022).

The Court finds that Datanet's Second Amended Complaint has adequately alleged Dropbox's knowledge of the patents and specific intent to encourage third-party developers to infringe the asserted patents. Dropbox does not articulate why it is unreasonable to infer Dropbox's affirmative intent to infringe from the instructions cited in Datanet's claim charts found in its complaints. *BillJCo*, 583 F. Supp. 3d at 781. At the pleading stage, the court draws all reasonable inferences in favor of Datanet. *Johnson*, 15 F.4th at 361. The Court finds that Dropbox's citations to *Core Wireless* and *American Vehicular Sciences* are inapposite because those cases indicate that generic allegations that the accused infringer provided instructional materials, with a lack of instructions in the pleading, is insufficient to state a claim for induced infringement. ECF No. 25 at 3–4; *Core Wireless*, 2015 WL 12850550, at *4; *Am. Vehicular Scis.*, 2014 WL 10291478, at *4. By contrast, the claim charts and URLs with specific names permit the Court to make a plausible inference that

Dropbox provides its customers with these instructions as to the infringing products. The Court disagrees with Dropbox's argument on "willful blindness." ECF No. 25 at 4–5 (citing ECF No. 24 at 10). Datanet's complaints as well as opposition brief identify link titles that substantiate mapping the claims to Dropbox's accused instructions to customers. "Willful blindness *can* satisfy the knowledge requirement," of inducement, *BillJCo*, 583 F. Supp. 3d at 774 (emphasis added), and circumstantial evidence *may* suffice to prove specific intent, *id.* It is the Court's finding that the claim charts provided by Datanet sufficiently map the asserted claims and link to Dropbox's website to state a plausible claim that reasonably put Dropbox on notice of its customers infringement, regardless of whether using the phrase "willful blindness." *See Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1348 (Fed. Cir. 2016) (concluding they jury "could reasonably have concluded that [accused inducer of infringement] had knowledge (or was willfully blind to the fact) that it was infringing"). Considering the specific citations contained in Datanet's Second Amended Complaint, the Court finds that Datanet has sufficiently plead post-suit inducement and recommends that Dropbox's Motion be **DENIED** with regard to the Second Amended Complaint's allegations of post-suit inducement.

C. **Post-Suit Contributory Infringement**

Dropbox argues that Datanet's Second Amended Complaint fails to establish any of the three elements for contributory infringement articulated by the Federal Circuit in *Bill of Lading*. ECF No. 23 at 7; 681 F.3d at 1337. First, Dropbox claims Datanet is vague and fails to identify the "accused products and/or services" that would be "a material part" of the inventions of the Asserted Patents or any of the "specific, intended functions" that are allegedly "carried out." ECF No. 23 at 7 (citing ECF No. 22 at ¶¶ 71, 93, 114; *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 13-cv-507, 2015 WL 11118110, at *5 (E.D. Tex. Mar. 27, 2015) (no claim for contributory

infringement where, *inter alia*, complaint did not "identify any components of the accused devices that are a material part of the invention")); ECF No. 25 at 5 (citing *BillJCo*, 583 F. Supp. 3d at 781–82 (plaintiff failed to show "that the accused infringer's component is material to practicing the claimed invention.")). Second, Dropbox argues that Datanet has not shown anything more than conclusory allegations to plead that the unidentified "hardware components and software instructions" are not a staple article of commerce or lacking a substantial non-infringing use. ECF No. 23 at 8 (citing ECF No. 22 at ¶¶ 71, 93, 114); *see BillJCo*, 583 F. Supp. 3d at 782 (finding plaintiff insufficiently pleaded contributory infringement by alleging that accused products have no substantial noninfringing uses but offering nothing to support this contention). Third, Dropbox argues that Datanet did not make a factual allegation from which the Court can infer Dropbox knew any component to be especially made or adapted for use in infringing any of the asserted patents. ECF No. 23 at 8 (citing *Inhale, Inc v. Gravitron, LLC*, No. 18-cv-762, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018)).

Datanet disagrees as to the three elements. As to the first element, Datanet asserts that its complaint identifies specific hardware and software components. ECF No. 24 at 13. Datanet argues that the second element is sufficiently supported by Datanet's pleading that includes "facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." ECF No. 24 at 13–14 (citing *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018)). Datanet distinguishes its contributory infringement allegations from those of *BillJCo*, where the court held that plaintiff made no attempt to focus on specific components or functions in the iPhone and iPad to show no non-infringing uses. *BillJCo*, 583 F. Supp. 3d at 782. Datanet refers to its complaint's citation of Dropbox-specific components at Dropbox URLs to argue they are specifically created for Dropbox and, thus, have no alternative non-infringing use other than in Dropbox's

9

accused product. ECF No. 24 at 14–16 (citing ECF No. 22 at ¶¶ 60, 70, 84, 92, 114) (Dropbox Folder, Mobile App, sync-uploads, Block Storage Servers, Sync_history.db, Filecache.dbx, database; Download-dropbox (url); File-version-history; Home.db; Avatarcache.db). Datanet asserts that Dropbox did not provide contradictory evidence that there is any non-infringing use, and that Datanet cannot affirmatively prove a negative, nor does Datanet have to do that under the Rule 12 pleading standard that draws inferences in its favor.

As to the third element, Datanet asserts that Dropbox has at least the necessary knowledge for contributory infringement given the Datanet identified components as being specially made by Dropbox for the use that is accused of infringing. ECF No. 24 at 16. Datanet argues it has met its burden with this proof especially because "[c]ontributory infringement requires 'only proof of a defendant's knowledge, not *intent*, that his activity cause[s] infringement.'" *BillJCo*, 583 F. Supp. 3d at 775 (alteration in original) (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)); *Commil*, 575 U.S. at 639 ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").

The Courts finds that Datanet has adequately stated a claim for post-suit contributory infringement. Datanet identifies Dropbox specific URLs and services that plausibly are contributorily infringing Datanet's asserted claims by Dropbox's conduct. The Court disagrees with Dropbox's argument that Datanet's complaint does not "include any allegations identifying any material component of the claimed invention," ECF No. 25 at 5, as the accused components have been listed in Datanet's original, amended, and second amended complaints. *E.g.*, ECF No. 1 at ¶ 60; ECF No. 18 at ¶ 60; ECF No. 22 at ¶¶ 60, 70, 84, 92, 114. A "substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Bill of Lading*, 681 F.3d at 1337. This allegations in this case differ from those in *Bill of Lading* in

10

that here, there are no "repeated descriptions of non-infringing uses to which the accused products can be put" especially because the accused products are Drobox-specific services offered on Dropbox's website used for cloud storage. *See Id.* at 1338. Dropbox has not alleged a use for its specific web-based services other than the accused Dropbox cloud storage functions. The Court also finds that *BillJCo* is distinguishable because here, Datanet focuses its contributory infringement allegations at specific components and functions of Dropbox. *See BillJCo*, 583 F. Supp. 3d at 782. The Court further finds *Cellular Communications Equipment* distinguishable because here, the detailed charts in the complaint identify accused components or devices. 2015 WL 11118110, at *5. The Court therefore finds Datanet has sufficiently plead its allegations of post-suit contributory infringement and recommends that Dropbox's Motion be **DENIED** with regard to the Second Amended Complaint's allegations of post-suit contributory infringement.

### D. Post-Suit Willful Infringement

Dropbox's argues for dismissal of post-suit willful infringement claims because Datanet has not plausibly shown that Dropbox knew or should have known its conduct amounted to infringement post-suit. Dropbox alleges that Datanet has instead merely repeated boilerplate legal conclusions for each asserted patent. ECF No. 23 at 9–10 (citing ECF No. 22 at ¶¶ 70, 92, 114). Dropbox argues that Datanet's theory of willfulness is that Dropbox simply continued to manufacture and sell products after the filing and service of a complaint, which Dropbox argues is "the kind of 'garden-variety' patent case" that is ill-suited for a finding of willfulness. *Id.* (citing *M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018)); ECF No. 25 at 8. Dropbox also notes that Datanet failed to allege any "culpable conduct" as required. ECF No. 23 at 10 (citing *Fractus, S.A. v. TCL Corp.*, No. 20-cv-97, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021)). Dropbox argues that Datanet erroneously conflates

knowledge of a patent and knowledge of infringement, which are "distinct elements." *Monolithic*, 2021 WL 3931910, at *5.

Datanet opposes dismissal of its post-suit willfulness allegations. Datanet notes that its Second Amended Complaint details how Dropbox's offerings and instructions to customers, and Dropbox's advertisements of the accused features, allegedly infringe, providing reasonable notice of the alleged infringement. ECF No. 24 at 7–8. Datanet argues that post-suit willful infringement claims can be based on the allegations contained in a complaint. *Id.* at 5–6 (citing *BillJCo*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022)). Datanet responds to Dropbox's citation to *M & C Innovations* by arguing that case did not hold that willful infringement claims require proof that the defendant knew of the patents prior to the filing of the lawsuit, but, instead, explained that there are district court cases coming out on both sides of the issue and resolved the issue on the facts specific to that case. *Id.* at 7 (citing *M & C Innovations*, 2018 WL 4620713, at *5).

The Court is persuaded by Dropbox's argument regarding post-suit willfulness claims. The only evidence that Dropbox was aware of the patents that Datanet has pointed to is its filing and service of the complaint. While such notice is sufficient knowledge of the patents, it does not provide the type of culpability required for willfulness. *Fractus, S.A. v. TCL Corp.*, No. 20-cv-97, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) ("Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or ... characteristic of a pirate.'" (quoting *Halo*, 579 U.S. at 104–05)).

In most of the cases cited by the parties, there was more than the filing of the complaint to support willfulness. And even in *Monolithic*, where defendant had post-suit knowledge of the patents through at least the complaint and plaintiffs pleaded detailed allegations of defendant's

knowledge of the asserted patents through defendant's founders' prior employment at plaintiff's company, the pleading standard was not met as to post-suit willfulness. *Monolithic*, 2021 WL 3931910, at *5. The *BillJCo v. Apple* case in this District declining to dismiss post-suit willfulness claims included evidence of pre-suit letters sent to the defendant and citations of the patents during prosecution of the defendants' patents. *BillJCo v. Apple*, 583 F. Supp. 3d at 777–79.[2] In the *BillJCo v. Cisco* litigation before the Eastern District of Texas that Datanet cites, the complaint included claim charts as separate exhibits for each asserted patent that provided more detail than the claim charts in this case. *Compare* ECF No. 22 at 8–13, 18–20, and 24–26, *with BillJCo, LLC v. Cisco Sys., Inc.*, No. 21-cv-181, ECF Nos. 1-7, 1-8, 1-9 (E.D. Tex.). While the claim charts in this case provide a left-hand column with claim elements, and a right-hand column with links to Dropbox's website and argument as to what steps are performed there, the claim charts in the EDTX *BillJCo* case provide detailed screenshots of the defendants' own primary sources that allegedly documented the accused infringing conduct. *BillJCo v. Cisco*, No. 21-cv-181, ECF Nos. 1-7, 1-8, 1-9. The *Plano Encryption* case that Datanet cites is distinct because there the pleadings demonstrated that defendants had more than mere knowledge of the asserted patent acquired solely through the complaint given that the plaintiff pleaded that the defendants had "cited the [asserted] patent more than 50 times in their patent applications, long before" the suit was filed. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 16-cv-1032, 2017 WL 8727249, at *5–6 (E.D. Tex. Sept. 22, 2017).

---

[2] Plaintiff cites *USC IP Partnership*, where this Court summarily held in one sentence that plaintiff's allegations of defendant having "knowledge of the asserted patent and the alleged infringement at least at the commencement" of the action was sufficient to allege "its post-suit indirect and willful infringement claims." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, at *2 (W.D. Tex. July 23, 2021). However, that decision predates this District's decisions in both *Monolithic* and *BillJCo v. Apple*. *Monolithic*, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021); *BillJCo v. Apple*, 583 F. Supp. 3d 769 (W.D. Tex. Feb. 1, 2022). Additionally, requiring more factual allegations than knowledge of the patents acquired via a complaint is consistent with *Halo*'s requirement for willful infringement to be reserved for "culpable behavior." *Halo*, 579 U.S. at 104.

13

In *Raytheon*, the complaint evinced that defendant had been aware of the patents at least nine months prior to the complaint being filed because plaintiff provided defendant "with information concerning its patent portfolio," and there was pre-existing co-pending litigation between the parties. *Raytheon Co. v. Cray, Inc.*, No. 16-cv-423, ECF No. 1 at ¶¶ 13, 21, 29, 37, 45; ECF No. 24 at 7.[3] While the Court agrees with the cases cited by Datanet holding that the filing of a complaint can serve as notice of a patent, the Court is persuaded that Datanet has failed to plead facts that support the culpability required under *Halo*, 579 U.S. at 104–05. The Court, therefore, recommends that Dropbox's Motion be **GRANTED** as to willfulness and that those claims be dismissed without prejudice to refiling if such evidence is developed during discovery.

## IV.     CONCLUSION

For the foregoing reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **GRANT-IN-PART** Dropbox's Motion as to pre-suit inducement of infringement, contributory infringement, and willfulness infringement and those claims should be **DISMISSED WITHOUT PREJUDICE**; that the post-suit claims of inducement of infringement and contributory infringement, have been sufficiently pleaded, and, **RECOMMENDS** that Dropbox's Motion to Dismiss as to these claims be **DENIED-IN-PART**; and that the post-suit claims of willfulness have not been sufficiently pleaded

---

[3] Although the *M & C* court resolved the issue on the case-specific facts, it found "no reasonable inference can be made that the alleged post-suit conduct" constituted willful infringement in that case. *M & C Innovations*, 2018 WL 4620713, at *5. And those facts are similar to the facts presented here: "that the complaint put [defendant] on notice of the existing patents, and [defendant] continued" its allegedly infringing activity. *Id.* The *M & C* court contrasted this to a court finding "a cognizable post-suit willful infringement claim where a patentee made allegations that there was 'escalation' of infringement post-complaint." *Id.* (citing *Simplivity Corp. v. Springpath, Inc.*, No. 15-cv-13345, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016)). Datanet makes no such allegation here.

14

and **RECOMMENDS** that Dropbox's Motion be **GRANTED-IN-PART** as to post-suit willfulness and that claim should be **DISMISSED WITHOUT PREJUDICE**.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this  27th day of October, 2023

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE