UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DATANET LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. 6:22-CV-01142-OLG-DTG |
| | § § | JURY TRIAL DEMANDED |
| DROPBOX INC. | § § | |
| Defendant. | § § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE [ECF NO. 29]

This is a suit filed by plaintiff Datanet LLC ("Datanet") alleging patent infringement against defendant Dropbox Inc. ("Dropbox"). Before the Court is Dropbox's motion to transfer this case to the Northern District of California ("NDCA") for convenience under 28 U.S.C § 1404. ECF No. 29. For the reasons discussed herein, the Court concludes that the NDCA is not a clearly more convenient venue to try this case; thus, it is not in the interest of justice for the Court to transfer this case. Therefore, the Court **DENIES** Dropbox's Motion to Transfer.

### I.     FACTUAL BACKGROUND

Datanet has asserted that Dropbox infringes several patents. In its complaint filed October 31, 2022, Datanet alleges infringement of United States Patent Nos. 8,473,478, entitled "Automatic Real-Time File Management Method and Apparatus"; 9,218,348, entitled "Automatic Real-Time File Management Method and Apparatus"; and 10,585,850, entitled "Automatic Real-Time File Management Method and Apparatus." Datanet is a limited liability company incorporated in Nevada with a principal place of business located in Colorado. ECF No. 22 at ¶ 4 (Second Amended Complaint). Datanet argues that Dropbox's file hosting/backup service infringes its patent. *Id.* at ¶ 2.

Dropbox seeks to transfer this case to an allegedly more convenient venue—NDCA. Dropbox is incorporated in Delaware. Dropbox argues that its headquarters are in San Francisco, California. ECF No. 29-2 ¶ 6. Dropbox's venue declarant stated that the Dropbox witnesses in this action having relevant technical knowledge of the accused technology are likely to be on "the File Sync sub-team of Dropbox's Product Platform team." *Id.* at ¶ 12. Dropbox asserts that it has 800 total employees in NDCA, 300 of whom are software engineers. *Id.* at ¶ 8. In venue discovery, Dropbox contended that there are ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ECF No. 64-1 at 6; ECF No. 64-4 at 61:22–62:2, 64:11–16. Dropbox asserts it maintained an Office in Austin, Texas from 2015 to May 5, 2023. ECF No. 29-2 ¶ 14. Dropbox filed its motion to transfer for convenience under 28 U.S.C. § 1404(a) on May 10, 2023. ECF No. 29. Datanet filed its opposition on September 1, 2023. ECF No. 64. Dropbox filed a reply in support of its motion on September 15, 2023. ECF No. 71.

## II.   LEGAL STANDARD

A party who seeks transfer under § 1404 "must show good cause." *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [hereinafter *Volkswagen II*] (quoting *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).[1] The burden is not simply that the alternative venue is more convenient, but that it is "clearly more convenient." *Id.* Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as "it places a significant burden on the movant" to show good cause for the transfer. *Id.* at 314 n.10. The change of venue statute provides a district court authority to "transfer

---

[1] Regional Circuit law, here the Fifth Circuit's, governs this Court's determination of whether to transfer. *In re Genentech, Inc.*, 566 F.3d 1338, 1341–42 (Fed. Cir. 2009).

2

any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). To "show good cause" means that a moving party "must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)). "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show "more than a mere preponderance." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

"The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* A trial court's evaluation of these factors and determination of whether the alternate forum is clearly more convenient is subject

to an abuse of discretion standard on appeal. *In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 161 (Fed. Cir. 2022).

## III. ANALYSIS

As to the threshold inquiry, Dropbox contends that this suit could have been brought in the Northern District of California. ECF No. 29 at 8.[2] Datanet agrees. ECF No. 64-1 at 7. Thus, the Court moves to an analysis of the private and public interest factors.

A. **The Private Interest Factors**

1. **The Relative Ease of Access to Sources of Proof**

The Fifth Circuit has recently noted, this factor "bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022). "[I]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co. Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). The "lesser inconvenience now" of access to sources of proof does not render this factor superfluous. *Volkswagen II*, 545 F.3d at 316; *Def. Distributed v. Bruck*, 30 F.4th 414, 434 & n.25 (5th Cir. 2022) (giving weight to the location of servers hosting the electronic documents in dispute); *In re Juniper*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) (citing *Volkswagen II*, 545 F.3d at 316) (considering locations of servers for the relative access to sources of evidence). Additionally, the Federal Circuit has held that courts should consider "the location of document custodians and location where documents are created and maintained." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). The Fifth Circuit agreed

---

[2] Unless otherwise noted, references to pagination of docket items refers to the pagination in the CM/ECF header of the PDF document instead of, for example, a page number in the footer of a brief as drafted in Word.

with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood*, 52 F.4th at 630–31.

In the absence of physical evidence, this factor entails at least two discrete inquiries when addressing to electronic documents: the locations where electronic documents are stored, and the locations of the creators and custodians of the electronic documents. *Volkswagen II*, 545 F.3d at 316; *In re Apple*, 2022 WL 1196768, at *4; *Def. Distributed*, 30 F.4th at 434 & n.25; *In re Google*, 2021 WL 5292267, at *2; *In re Juniper*, 14 F.4th at 1322. The analysis for this factor is limited to documents from Dropbox and Datanet because no party cites any documents from any third-party companies, e.g., customers, manufacturers, suppliers.

The parties dispute the location of and relative ease of access to Dropbox's documents and document custodians but agree most of the sources of proof in this case will come from Dropbox because Dropbox is the defendant. *In re Nintendo*, 589 F.3d at 1199. Dropbox admits that its source code is not located in the NDCA, but instead that "Dropbox stores and controls its source code for the accused technology on servers in the Northwest Oregon Area." ECF No. 29-2 at ¶ 10. Despite not being located in either forum and being accessible electronically, Dropbox argues this factor favors transfer because Northwest Oregon is closer to NDCA than it is to WDTX. ECF No. 29 at 9-10 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Dropbox also cites a previous district court finding on Dropbox's northwest Oregon source code. *Id.* at 5; ECF No. 71-2 at 2 (citing *Topia Tech., Inc. v. Dropbox, Inc.*, No. W-21-CV-01373-ADA, 2023 WL 1978909, at *6 (W.D. Tex. Feb. 13, 2023)). Datanet responds, however, by pointing out that Dropbox has a datacenter at ███████████████████████. ECF No. 64-5 at 32. Plaintiff argues that datacenter is physical evidence of infringement and that documents for trial may be stored at that datacenter. ECF No. 64-1 at 12. Therefore, plaintiff argues that the electronic data in

Richardson, TX is relatively closer and more convenient to Waco. *Id.* Defendant replies that the Datacenter is Richardson is one of many datacenters it has around the country and "is of no moment." ECF No. 71-2 at 3.

Dropbox argues there are more creators and custodians of relevant documents in NDCA than WDTX by pointing to unnamed employees. Dropbox points to approximately 800 unnamed employees in San Francisco, and an unspecified "majority" of the thirty-five-member File Sync sub-team—who arguably have knowledge of the accused technology—located in San Francisco. ECF No. 29-2 ¶¶ 8-9, 12; ECF No. 71-2 at 2–3. By contrast, there are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 64-1 at 3; ECF No. 64-4 at 64:3-21; ECF No. 64-6. Datanet through discovery showed, and Dropbox does not dispute, that there ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ECF No. 64-1 at 11–12; ECF No. 64-2 ¶ 16; ECF No. 64-4 at 137:2–139:15. Dropbox does not allege that it has any actual physical documents relevant to trial. *See* ECF No. 29 at 9–10; ECF No. 71-2 at 2–3. However, Dropbox argues that any distance that documents must be transported must be analyzed based on an "assumption that electronically stored documents are, in fact, physical." ECF No. 71-2 at 3.

The parties also dispute the relative convenience of transporting Datanet's documents to the potential venues for trial. Datanet's sole member is Warren Roach, who lives and works in Colorado Springs, and that all of its documents are kept at Datanet's headquarters at 110 Broadmoor Hills Drive, Colorado Springs, CO 80906. ECF No. 64-3 at ¶¶ 3–4. Datanet claims that copies of some documents—patents, file histories, pleadings, and discovery documents—are located with its outside counsel in Houston, TX. *Id.* ¶ 5. Dropbox argues that documents in Colorado

6

Springs are "at least as convenient" to access from NDCA as from WDTX. ECF No. 29 at 10. Dropbox also argues that the location of documents being held by counsel "does not weigh against transfer"[3] and approaches an improper tactic. ECF No. 71-2 at 3.

In the Court's judgment, the accessibility of Dropbox's electronic data does not demonstrably favor either venue. *Volkswagen II*, 545 F.3d at 316; *In re Apple*, 2022 WL 1196768, at *4; *Def. Distributed*, 30 F.4th at 434 & n.25; *In re Google*, 2021 WL 5292267, at *2; *In re Juniper*, 14 F.4th at 1322. First, regarding electronic storage, the Court finds that the datacenter in Richardson, TX is less than 115 miles from the Waco Courthouse. By contrast, it is at least 500 miles, and across state lines from the San Francisco courthouse to northwest Oregon. Thus, the datacenter in Richardson, Texas is more convenient to WDTX than the northwest Oregon datacenter to NDCA assuming "that electronically stored documents are, in fact, physical." ECF No. 71-2 at 3 (citing *Uniloc USA, Inc. v. Box, Inc.*, 1:17-cv-754, 2018 WL 2729202, at *2 (W.D. Tex. June 6, 2018)). In its reply, Dropbox distances itself from its opening argument that the location of datacenters matter, by stating that the datacenter in Richardson is one of "many" datacenters. *Id.* But Dropbox's opening motion argued that convenience turned on NDCA's proximity to *a* datacenter. ECF No. 29 at 9. Additionally, the district court opinion in *Topia v. Dropbox* finding Dropbox's northwest Oregon source code more accessible in NDCA than WDTX is neither binding nor persuasive as the *Topia* court did not have all the evidence before it. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). While *Topia* discussed storage of data in Northwest Oregon, there was no evidence or discussion of the datacenter and data stored in Richardson, TX. ECF No. 29 at 5; ECF No. 71-2 at 2; *Topia v. Dropbox*, 2023 WL 1978909, at *6. Additionally, in the present case, Dropbox could

---

[3] The Court notes that it is not Datanet's burden to prove what weighs against transfer but rather Dropbox's burden to prove transfer is clearly more convenient.

7

not identify any evidence that is inaccessible in or from WDTX. The Court agrees, however, that electronic accessibility anywhere is not the end of the inquiry. ECF No. 71-2 at 3. Thus, the Court proceeds to the second prong.

Second, as to creators and custodians, the Court finds Dropbox's sheer numbers argument unpersuasive, as Dropbox has failed to detail the relevance of those employees. While Dropbox points to a greater number of employees in NDCA compared to WDTX (800 total in NDCA compared to ▮▮▮▮▮), Dropbox fails to demonstrate which, of its potentially hundreds of custodians, are relevant. Even Datanet's argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, is not as important to the inquiry articulated by the Federal Circuit, which pertains to creators or custodians—not mere access. *In re Google*, 2021 WL 5292267, at *2. Both parties simply count employee numbers in each location that have access to relevant electronic documents, but nothing demonstrates this factor either favors or disfavors transfer. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

Dropbox's comparison of its proof to that of *Scramoge v. Apple* is unpersuasive as it misses the mark. *See* ECF No. 71-2 at 2–3; *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-01071-ADA, ECF No. 86, slip op. at 9–10 (W.D. Tex. June 29, 2023).[4] In that case, the transfer movant "identifie[d] three California product and engineering employees responsible for design and/or development of the Accused Features." *Scramoge v. Apple*, ECF No. 86 at 9–10. Thus, the *Scramoge* court held "[p]resumably, the employees responsible" for that design and development maintain the related relevant documents. *Id.* By contrast, here, Dropbox has merely pointed to its total

---

[4] Dropbox cites to the "Dkt. 84" entry of *Scramoge*, which is the sealed transfer order. ECF No. 71-2 at 2–3. A redacted, public version of that order was filed as ECF No. 86 in *Scramoge*, and the material cited by Dropbox is visible in the public version (i.e., not redacted). The Court assumes Dropbox intended to cite to the public order found at ECF No. 86 in *Scramoge*. Thus, the Court's analysis above proceeds with reference to the public order, ECF No. 86.

8

number of 800 employees in NDCA as being the custodians without any specific detail about any of those employees. This is substantially vaguer than *Scramoge* and insufficient to demonstrate that employees in NDCA created or maintain documents that will be relevant to trial while no employees in WDTX do so.

In the Court's judgment, the relative ease of access to Datanet's documents is a more straightforward inquiry. This boils down to the accessibility of electronic documents stored in Colorado Springs by one custodian in Colorado Springs—Datanet's sole member, Mr. Roach. Being electronic data, the data is equally accessible electronically in either venue. *In re Planned Parenthood*, 52 F.4th at 630. But if the information was physically transported on a commercial flight, the flight durations and costs would be approximately the same to either venue according to Dropbox. ECF No 29 at 12. If the electronic information were transported by automobile, it is approximately 1280 miles to San Francisco, and approximately 800 miles to Waco from Colorado Springs. This fails to support a finding that relative ease of access to sources of proof favors transfer to NDCA.[5] *Volkswagen II*, 545 F.3d at 314–15 & n.10.

Considering all of the evidence under this factor, the Court is persuaded that the relative ease of access to sources of proof factor fails favor transfer, and it fails to demonstrate that NDCA is clearly more convenient.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv Inc. v. Apple, Inc.*, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). The Federal Rules of Civil Procedure allow a

---

[5] Under these facts, the Court does not give any weight to Datanet's documents held by counsel in Texas.

court to subpoena a witness to attend trial (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021).

Dropbox argues that former employees who worked at Dropbox's NDCA office cause this factor to favor transfer. Dropbox points to the sheer size of its corporate footprint in NDCA and speculates that there "would be" more former employees in NDCA subject to the subpoena power of that court. ECF No. 29-2 at ¶ 17. Dropbox fails to identify any third-party witnesses that it intends to call at trial or in a deposition.

However, Datanet argues that former Dropbox employees in WDTX cause this factor to weigh against transfer because specific individuals can be compelled to testify at trial in WDTX but could not be subpoenaed to testify by NDCA. In total, venue discovery demonstrated that there are ▮▮▮▮▮ who are potentially relevant because they worked in relevant groups. ECF No. 64-1 at 6–7 (citing ECF 64-9). Of these, Datanet argues as Dropbox does not dispute there are ▮▮▮▮▮ who were employed by Dropbox in the six years preceding the filing of the Complaint and ▮▮▮▮▮. *Id.* at 10–11; ECF No. 71-2 at 4. Datanet further specifically identifies two former employees that it would likely call at trial. First, Datanet points to ▮▮▮▮▮. ECF No. 64-1 at 11. Second, Datanet points to ▮▮▮

10

██████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████. *Id.*

Finally, the parties acknowledge that there are three non-party witnesses who are co-inventors on the patents: Steven R. Williams of Colorado Springs, CO; Troy J. Reiber of Colorado Springs, CO; and Steven C. Burdine of Middleton, WI. ECF No. 29 at 6–7; ECF No. 64-1 at 10. Dropbox argues, however, that these witnesses are outside of the subpoena power of either district. ECF No. 29 at 6–7.

The Court finds that Datanet's identification of specific former employees Texas ████ ██████████████████████████████████████████, is highly probative of likely witnesses for whom a subpoena may be necessary. By contrast, Dropbox neither rebutted ████ ██████████████████████████, nor identified any former employees in the NDCA specifically. These two former employees in WDTX appear necessary to the case and do not have any equivalents in NDCA. This evidence severely undercuts Dropbox's claim that availability of compulsory process to secure the attendance of witnesses favors transfer to NDCA. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

The voluminous lists of witnesses offered by the parties basically cancel each other out. The Court credits Datanet specifically listing by name ██████████████████████████ ██████████████████████████ because this allows the Court to infer that at least one or more of these former employees will likely be called as a witness if this case remains in WDTX where they can be subpoenaed. Likewise, the Court credits Dropbox's declarant stating that over ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ because

this allows the Court to infer at least one or more of these former witnesses will be called as a witness in NDCA and, if necessary, subpoenaed. ECF No. 71-5 at ¶ 3. However, the Court assigns the same amount of weight to each of these voluminous lists, and neither demonstrates that this factor favors transfer. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

Although Dropbox alleges there are *more* former employees in NDCA than WDTX, Dropbox fails to name any of the individuals specifically or identify their individual roles, but Datanet did provide that information. Furthermore, while Dropbox provides a larger number (▮▮▮▮), the actual number of witnesses who will be called to testify is much smaller—likely at most a few dozen with depositions and at most one dozen at trial. Dropbox fails to provide any argument as to why "Dropbox's order of magnitude larger presence in the NDCA" impacts which likely witnesses will need to be subpoenaed to attend trial. ECF No. 71-2 at 4.

The Court notes that the three co-inventors are non-party witnesses and there is no indication that they are willing to appear at trial. Thus, the Court analyzes them under the compulsory process factor. *In re DISH Network*, 2021 WL 4911981, at *3. These witnesses reside outside the subpoena power of both the WDTX and NDCA. Thus, neither venue has absolute subpoena power over them. Therefore, these witnesses are neutral as to transfer.

When all of the evidence is considered, nothing under this factor demonstrates that an availability of compulsory process to secure the attendance of witnesses in NDCA favors transfer or makes NDCA clearly more convenient. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

### 3. The Cost of Attendance and Convenience for Willing Witnesses

The convenience for willing witness factor is the most important factor in the transfer analysis. *Marble VOIP Partners LLC v. RingCentral, Inc.*, No. W-22-CV-00259-ADA, 2023 WL 3938480, at *13 (W.D. Tex. June 9, 2023); *Seagen Inc. v. Daiichi Sankyo Co.*, 546 F. Supp. 3d

515, 531 (E.D. Tex. 2021); *see also In re Genentech*, 566 F.3d at 1343. Under Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to willing witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where willing witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-70, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). The analysis for this factor includes and is also limited to current employees of Dropbox and Datanet. Current employees can be presumed to appear as party witnesses willingly on behalf of their party employer. *DSCH Cap. Partners, LLC v. Hypower, Inc.*, No. 1:14-CV-348-DAE, 2015 WL 2151833, at *5 (W.D. Tex. May 7, 2015). But the parties provided no indication that any third-party witnesses are willing to testify, so those witnesses are presumed unwilling and were considered under the compulsory process factor above. *In re DISH Network*, 2021 WL 4911981, at *3. It is important to avoid "double counting" witnesses under both the compulsory process and willing witness factors. *Bering Sea Env't, LLC v. Peterson*, No. 6:18-CV-00558-RWS, 2019 WL 13150079, at *5 (E.D. Tex. Aug. 15, 2019).

Datanet's only identified party witness is Datanet's sole member, Warren Roach, who is an inventor of the patents and lives in Colorado Springs. ECF No. 64-1 at 10. The parties dispute which venue is more convenient for him. WDTX is a more convenient venue for him to attend trial according to his declaration. ECF No. 64-3 at ¶ 7. Dropbox argues that travel from Colorado to San Francisco is more convenient than travel from Colorado Springs to Waco because flights to

Waco all require one stop, but Dropbox concedes that despite the stop, flights to Waco and flights to San Francisco have approximately the same duration and price. ECF No 29 at 12.

The likely witnesses employed by Dropbox all reside in either WDTX or NDCA. Dropbox contends that based on sheer number of employees NDCA (approximately 800, of which 300 are software engineers), NDCA is more convenient. As discussed previously, Dropbox fails to provide the names of any potential witnesses in NDCA, besides its venue declarant, though it avers that it "can provide them upon request." ECF No. 29 at 11, n.1. During the deposition of Dropbox's declarant, Dropbox was unable to identify anyone in NDCA who would be a relevant witness. ECF No. 64-1 at 6 (citing ECF No. 64-4 at 112:8-15; 203:23–204:3; 207:7–10; 209:16–22 (witness did not "have the names" of the relevant employees in NDCA or "know who" would be identified as trial witnesses). Based on that failure, Datanet argues that Dropbox's argument about putative witnesses should be disregarded under *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020) ("[I]t is reasonable to reject vague and unsupported statements regarding the location of potential witnesses or sources of proof"). Dropbox argues, however, that the witnesses having relevant technical knowledge of the accused technology are those on Dropbox's File Sync sub-team of Dropbox's Product Platform team, of which there are 35 employees in total, and a "majority," primarily work or reside in or around San Francisco. ECF No. 29 at 11, n.1. ECF No. 29-2 at ¶ 12.

Datanet counters that there are many, specific, Dropbox employees who are likely witnesses in WDTX. While the parties dispute the exact number and relevancy of employees in WDTX and Texas, Dropbox admits, "160 employees" work in Austin, TX, "of whom approximately 25 are software engineers and/or programmers." ECF No. 29-2 at ¶ 14. Dropbox asserts that of the engineering personnel based out of Austin, none of them are part of the File Sync sub-team of Dropbox's Product Platform team. ECF No. 29-2 at ¶ 14. Datanet counters that there are

14

██████████████████████████████████████████████████████████. ECF No. 64-1 at 8. Datanet identifies software engineers on ██████████████████████████████████ ██████████████████████████████████████████████████—an accused product. ECF No. 64-1 at 8; ECF No. 64-8 at 3; ECF No. 64-7.

The Court credits Datanet's sole member's statement that Waco is more easily reached for him than NDCA because he swore to this in his declaration. Even if Mr. Roach's opinion as to his own convenience were disbelieved, however, Dropbox fails to establish NDCA is *more* convenient for him. Dropbox concedes that the duration and cost of air travel to the two venues from Colorado Springs is equivalent. The Federal Circuit focuses on travel time over minute details like number of airplane stops. *In re Google*, 2021 WL 4427899, at *4.

The Court weighs the alleged Dropbox employees in NDCA in favor transfer, but not as much as the witnesses who are specifically identified. Specifically, the Court credits Dropbox's claim that according to its investigation, the File Sync sub-team is the most relevant sub-team, and that the majority of the team is based in NDCA and has no witnesses in WDTX. However, Dropbox does not rebut the relevance of the Texas-based software engineers on the "Platform" and "Dropbox Core" teams, who appear to have very similar roles to the File Sync sub-team. In fact, Dropbox's identification of dozens or hundreds of possible NDCA witnesses is less persuasive than if Dropbox had identified a few specifically relevant witnesses that it actually intends to call at trial. After months of venue discovery and full briefing on the issue of venue, the only employee in NDCA that Dropbox has named specifically is its venue declarant who is a Director of Revenue Accounting at Dropbox and, by his own admission, will at most only have knowledge of the "non-technical aspects of the case." ECF No. 29-2 at ¶ 3. The Court considers Dropbox's averment that it can provide employee-witnesses' names "upon request" as inconsistent with Dropbox's burden

of proof under *Volkswagen II* and obligation to come forward with evidence. ECF No. 29 at 11 n.1; *Volkswagen II*, 545 F.3d at 314. The Court finds that this factor also fails to favor transfer and fails to support NDCA as clearly more convenient. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315. Datanet argues that Dropbox's timing of the venue motion, six months after the filing of the original complaint, weighs against transfer. ECF 64-1 at 13–14. Dropbox argues that it filed its motion according to the parties' scheduling order. ECF No. 71-2 at 4 (citing ECF No. 26). Dropbox also argues there is no significant risk of judicial resources being wasted because the case has not yet reached *Markman*.

The Court does not find Dropbox's motion untimely, given that it was filed on the deadline for the transfer motion provided in the scheduling order. ECF No. 26-1 at 2. The Court agrees that the stage of the case is still early, given the *Markman* hearing has not yet occurred. However, the stage of the case is generally not something that makes trial easier, more expeditious, or less expensive. *Iida v. Intel Corp.*, 2023 WL 5216813, at *3 (W.D. Tex. Aug. 1, 2023). While this factor does not favor either party, it certainly fails to favor transfer to NDCA. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

## B. The Public Interest Factors

### 1. Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers

the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347. The Federal Circuit has stated that this factor is "the most speculative" factor. *Id.* Additionally, the Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

Datanet and Dropbox are not competitors. Dropbox points out, therefore, that under the most recent precedential Federal Circuit decision to address this, that time to trial should not be significant in this case's transfer analysis. ECF No. 71-2 at 4–5 (citing *In re Google*, 58 F.4th at 1383 (Fed. Cir. 2023)). Datanet responds that the speed-to-trial does not matter as to the parties themselves, because it is a *public* factor. ECF No. 64-1 at 14–15. Datanet further asserts that many recent appellate decisions, including the Fifth Circuit's *Planned Parenthood* decision, have affirmed district courts that weighed this factor against transfer where the parties were not competitors. *Id.* However, in patent cases such as this one, this Court is bound by precedential cases of the Federal Circuit applying Fifth Circuit law. While this factor does not weigh against transfer, it certainly does not favor transfer to NDCA either, and it does nothing to support Dropbox's burden of proving NDCA is clearly more convenient.

        **2. Local Interest in Having Localized Interests Decided at Home**

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). A local interest is demonstrated by a relevant factual connection between the events that gave rise to a suit and the venue. *In re Apple*, 979 F.3d at 1345.

The parties' arguments center on the location of design and development activities. Dropbox argues that the "primary design and development operations occurred and still occur in San Francisco." ECF No. 29 at 12. Datanet responds that "relevant design and development activities are ongoing in WDTX," and Dropbox's argument to the contrary should be discredited because Dropbox did not investigate whether the people who developed the Accused Products reside in Texas. ECF No. 64-1 at 15 (citing ECF No. 64-4 at 71:1–4). Dropbox replies that it does not believe that design and development employees are located in Texas currently. ECF No. 71-2 at 1–2 (citing ECF No. 71-4 at 71:10–19).

The Court finds that Dropbox failed to submit sufficient information to conclude that more relevant design and development activities took place in NDCA than WDTX. The venue declarant put forward by Dropbox testified ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ECF No. 71-4 at 70:13–71:9. But in his declaration, on which Dropbox's original motion relied, stated that based on his "current understanding and investigation, the accused technology in this case was designed and developed at Dropbox's headquarters in San Francisco," ECF No. 29-2 ¶ 9, ECF No. 29 at 12. This significant discrepancy between the written declaration and the sworn testimony raises serious credibility issues, and as such is given little weight as it could demonstrate either a lack of research to support the claims in the venue motion or a deliberate attempt to manipulate venue. The result is that this factor fails to favor transfer to NDCA or demonstrate that NDCA is clearly more convenient. *Volkswagen II*, 545 F.3d at 314–15 & n.10.

    **3. Familiarity of the Forum with the Law That will Govern the Case**

**and**

    **4. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties agree that these factors are neutral. ECF No. 29 at 13; ECF No. 64-1 at 15. The Court agrees. As it is Dropbox's burden to prove NDCA is clearly more convenient—rather than that Datanet's burden to prove it is not—these neutral factors do nothing to support Dropbox's Motion.

## IV. CONCLUSION

When considering all of the factors, the Court finds that Dropbox failed to carry its burden of proving the Northern District of California is "clearly more convenient." *Volkswagen II*, 545 F.3d at 314–15 & n.10. It would not serve "the convenience of parties and witnesses" or "the interest of justice" to transfer this case under 28 U.S.C. § 1404. Because NDCA is "not clearly more convenient than the venue chosen by" Datanet, "plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315. Thus, Dropbox's motion, ECF No. 29, is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of October, 2023

                                               DEREK T. GILLILAND
                                               UNITED STATES MAGISTRATE JUDGE