UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DATANET LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 6:22-CV-01142-OLG-DTG |
| | § | |
| | § | JURY TRIAL DEMANDED |
| DROPBOX INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING IPR [ECF NO. 86]**

Datanet LLC ("Datanet") filed this patent infringement suit against Dropbox Inc. ("Dropbox"). Then Dropbox filed a petition requesting *inter partes* review and moved this Court to stay this case pending *inter partes* review ("IPR"). ECF No. 86. The Court is persuaded that any alleged benefits from staying this case pending that IPR do not outweigh the costs of postponing resolution of this case. Therefore, the Court **DENIES** Dropbox's Motion to Stay.

## I. FACTUAL BACKGROUND

Datanet has asserted that Dropbox infringes several patents. In its complaint filed October 31, 2022, Datanet alleges infringement of United States Patent Nos. 8,473,478, entitled "Automatic Real-Time File Management Method and Apparatus"; 9,218,348, entitled "Automatic Real-Time File Management Method and Apparatus"; and 10,585,850, entitled "Automatic Real-Time File Management Method and Apparatus." Fact discovery began on September 28, 2023, and the parties have exchanged initial disclosures. ECF No. 79 at 1 (quoting ECF No. 76 at 2); ECF No.

97 at 6 (discussing prior art that has been cited in Dropbox's invalidity contentions).[1] On October 31, 2023, Dropbox filed IPR petitions challenging all asserted claims in the asserted patents but did not challenge dependent claim 7 of the '478 patent or dependent claims 7, 21, and 22 of the '348 patent.[2] ECF Nos. 86-2, 86-3, 86-4. The Court held a *Markman* hearing on November 2, 2023, and issued its final constructions on November 10, 2023. ECF Nos. 85 & 96. Fact discovery will close on May 15, 2024; expert discovery will close on July 12, 2024; and jury selection and trial will occur on February 10, 2025. ECF No. 27 at 5–6.

## II.  LEGAL STANDARD

This Court has the inherent power to control its own docket, including the power to stay proceedings. *E.g.*, *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket.")). "The party seeking a stay bears the burden of showing that a stay is appropriate." *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, 14-cv-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Ruling on a motion to stay pending IPR requires the Court to "determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 17-cv-140, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019). District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent: (1) whether the stay will unduly prejudice the

---

[1] On October 12, 2023, the Court stayed fact discovery until November 3, 2023 (the day after the claim construction hearing), ECF No. 79, in order to give top priority to the then-pending venue transfer motion that was denied on October 17, 2023. ECF No. 80.

[2] The Dropbox IPR Petitions were filed jointly with a non-party to this case—Microsoft—against whom Datanet allegedly filed a separate lawsuit on October 31, 2022, in the Western District of Washington. *See Datanet LLC v. Microsoft*, Corp., 22-cv-1545 (W.D. Wash.). In both actions, Datanet claimed infringement of the same three Asserted Patents.

nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court. *Id.*; *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, 20-cv-969, 2022 WL 4240937, at *1 (W.D. Tex. Aug. 16, 2022).

### III.   ANALYSIS

The Court considers the following factors to determine if the benefits outweigh the costs to stay the case. As discussed below, the Court is not persuaded that a stay is more beneficial than the costs. Undergirding the Court's analysis are important points worth repeating. First, the Court already held its *Markman* hearing—before this motion to stay was filed. Second, the trial is scheduled for February 10, 2025. Third, no IPRs have been instituted on any of Dropbox's petitions. Finally, *if* institution is granted, the PTAB is not expected to issue a final written decision until at least April 2025, but perhaps October 2025.

**A.  Whether the stay will unduly prejudice the nonmoving party**

A patentee has an interest in the timely enforcement of its patent rights. *See Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, 20-cv-318, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed.") (quoting *Gordon v. FDIC*, 427 F.2d 578, 580 (D.C. Cir. 1970)). Congress has recognized as much, establishing the PTAB to provide a forum for the "quick" resolution of patent disputes. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016) (Newman, J., dissenting). Succinctly put, "the patent property is a wasting asset, and justice

is ill served by delay in final resolution." *Cont'l Can Co. USA v. Monsanto Co.*, 948 F.2d 1264, 1266 (Fed. Cir. 1991); *see also Ravgen, v. Lab'y Corp.*, 2022 WL 4240937, at *2. There are four non-exclusive sub-factors courts sometimes consider when deciding whether a non-movant will suffer undue prejudice or a clear tactical disadvantage: (1) the timing of the review request before the PTAB; (2) the timing of the request for stay of the litigation; (3) the status of the review proceedings; and (4) the relationship of the parties. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, 13-cv-1025, 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015) (citing *Rensselaer Polytechnic Institute v. Apple Inc.*, 13-cv-633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014)).

Dropbox argues that a stay will not unduly prejudice Datanet's interests because there is no evidence Datanet manufactures or sells products. Dropbox argues that Datanet will thus not be at risk of losing market share or revenue. ECF No. 86 at 4–5. Dropbox asserts and Datanet does not dispute that the PTAB will be required by statute to determine whether to grant the IPR petitions by approximately "April 2024." *Id.* at 3. If the PTAB grants a petition and institutes review, it has one year to complete the review. 35 U.S.C. § 316(a)(11). This one-year deadline "can be extended by up to six months for good cause by the Chief Administrative Patent Judge." 37 C.F.R. § 42.100(c). Thus, Datanet asserts and Dropbox does not dispute that the PTAB's Final Written Decision on the patents' validity may not be made until "October 2025." ECF No. 97 at 1 & n.1. The PTAB's final written decision may be appealed, which Dropbox implies it is planning to do in that it discusses a "subsequent appeal" in its brief. ECF No. 86 at 6.

Datanet argues that it would be prejudiced by a stay of this case. ECF No. 97 at 2–5. Datanet emphasizes that there is only a "mere possibility" that an IPR will even be instituted. *Id.* at 4. Datanet argues that a stay risks the loss of relevant testimonial and documentary evidence. Datanet further argues that under a line of Federal Circuit precedent recognized by this Court, patentees

4

have an interest in being made whole in a reasonable amount of time. *Id.* at 3. Datanet points out that two of the three asserted patents will expire during or shortly after the IPR proceedings—if any are instituted—and any subsequent appeals of the PTAB decisions. *Id.* at 4. Datanet identifies a line of district court cases holding that "placing an asserted patent 'in limbo'" by staying district court litigation pending an IPR "for the majority of its remaining life would create a clear tactical disadvantage for" the patent holder. *Ravgen, Inc. v. Quest Diagnostics, Inc.*, 21-cv-9011, 2022 WL 2047615, at *4 (C.D. Cal. Feb. 2, 2022) (quoting *Carl Zeiss A.G. v. Nikon Corp.*, 17-cv-7083, 2018 WL 5081479, at *4 (C.D. Cal. Oct. 16, 2018)); *see also Ravgen v. Lab'y Corp.*, 2022 WL 4240937, at *2. Datanet suggests that if this case goes to trial after the IPR proceedings have concluded, it will be "39 months" until trial, as opposed to the "15 months" remaining until trial without a stay. ECF No. 97 at 4.

      The Court is persuaded that granting a stay motion on the current record would unduly prejudice Datanet. The first through third sub-factors of *Rensselaer* all pertain to timing, and all distinguish Dropbox's cases on the undue prejudice factor. While the Federal Circuit in *VirtualAgility* found that "[a]t best," the prejudice to the nonmovant could only weigh "slightly" against a stay, that decision was based upon a CBM review that was instituted before the district court decision denied a stay. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309, 1317–20 (Fed. Cir. 2014). That means there was less time for the district court case to be postponed than there is here—where it is unknown whether an IPR will even be instituted. Additionally the CBM review at issue in *VirtualAgility* had a greater potential to simplify the case because a CBM allowed the PTAB to consider additional invalidity arguments—such as patentability under § 101—that are not available under Dropbox's IPR petitions. 35 U.S.C. § 311(b). *VirtualAgility* is further distinct in that the patent was not at risk of expiring during the pendency of the IPR—indeed, there

5

would be approximately eight years left on the *VirtualAgility* patent after a final written decision. *Id.* at 1309; U.S. Patent No. 8,095,413. Although the Court in *Bell Semiconductor v. NXP* found that a stay was not unduly prejudicial, that motion to stay was filed after the PTAB instituted all three IPRs. *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, 20-cv-611, 2022 WL 1447948, at *1 (W.D. Tex. Feb. 7, 2022). Likewise, in *Crossroads*, the motion to stay was filed after the PTAB instituted review on three of the asserted patents. 2015 WL 3773014, at *1. The same for Dropbox's cited case of *Stingray*. *Stingray Music USA, Inc. v. Music Choice*, 16-cv-586, 2017 WL 9885167, at *1 (E.D. Tex. Dec. 12, 2017) (Stingray filed the stay motion after the PTAB instituted review of almost all asserted claims). Although the *Anza* case did not turn on a motion to stay based upon an already instituted IPR, that case was not as far along because no factual discovery had been conducted on the merits, there was no trial date set, and the claims-construction hearing had been cancelled. *Anza Tech., Inc. v. Avant Tech., Inc.*, 17-cv-1193, 2018 WL 11314191, at *1–2 (W.D. Tex. Nov. 15, 2018). By contrast, in this case, fact discovery has begun, the trial date has been set, and the motion to stay was not filed until after the Court conducted its *Markman* hearing. Dropbox's citation to *Rubin v. Kahoot! ASA*, 23-cv-31, Dkt. 44 (W.D. Tex. Apr. 14, 2023) is wholly unpersuasive because, in that case, unlike here, the motion to stay was unopposed by the nonmovant. *Id.* at 1.

## B. Whether the proceedings before the court have reached an advanced stage

"The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031–32 (C.D. Cal. 2013).

The parties dispute this factor as well. Dropbox argues that this case is in its "infancy" because the *Markman* took place one day before the motion to stay, the parties have not exchanged

6

final infringement or invalidity contention, and fact discovery is not set to close until May 15, 2024 (6 months and 12 days after the motion was filed). ECF No. 27 at 5. Datanet disagrees. Datanet points to the resources already expended by the Court on a technical advisor, *Markman* hearing, and a claim construction order. Datanet refers to this Court's previous ruling that a "delay in filing for a stay after the Parties had briefed and argued claim construction at the *Markman* hearing . . . outweighs any future expense that the Parties might incur." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, 18-cv-207, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019). Datanet also responds that both parties, including Dropbox who is now seeking the stay, are engaged in discovery including responding to requests for production.

In the Court's judgment, this case has reached a stage by which postponing resolution of the matter until the conclusion of IPR would come at a substantial cost. The fact that the Court conducted a *Markman* hearing before the time Dropbox filed its motion to stay indicates that this case is anything but at its "infancy." Dropbox's use of conclusory labels such as "infancy" and "early stage," has little bearing when its authority is inapposite to the facts of this case. In *VirtualAgility*, "At the time Defendants filed their motion in May 2013, the case was less than four months old. Discovery had not yet begun and no trial date had been set." *VirtualAgility*, 759 F.3d at 1317. By contrast, when Dropbox filed its motion, this case had been pending for over 12 months; fact discovery had begun; a trial date was set, and the Court had conducted the *Markman* hearing. Further, in *Virtual Agility*, "As of the date the PTAB granted CBM review, there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection was a year away." *Id.*

The stage of the present case is distinct from any cases cited by Dropbox for this point.[3] In this case fact discovery will end within a few weeks of the time the PTAB's institution decision is expected, the *Markman* hearing will have been approximately 6 months in the past, and jury selection will be approximately nine months away. Additionally, the Court appointed a technical advisor who has already assisted the Court with the *Markman*. Dropbox stated in its November 3, 2023, motion that "The only discovery to have occurred thus far relates to venue in connection with Dropbox's Motion to Transfer, as full fact discovery just opened today, November 3, 2023." ECF No. 86 at 9. That statement is contradicted by the record, which reflects that fact discovery began on September 28, 2023, and Datanet previously told the Court that the parties exchanged initial disclosures in late September or early October, 2023. ECF No. 79 at 1 (quoting ECF No. 76 at 2); ECF No. 97 at 6 (discussing prior art that has been cited in Dropbox's invalidity contentions). The brief stay that the Court granted regarding discovery—from October 12, 2023, to November 3, 2023, while the Court addressed the transfer motion—demonstrates that opportunistic and disingenuous character of Dropbox's statement that fact discovery did not begin until November 3. Dropbox also passed on the opportunity to clarify that statement in a reply in support of its motion to stay as the time to do so under the local rules has passed, W.D. Tex. Loc. R. CV-7(e).

C. **Whether the stay will likely result in simplifying the case before the court**

Dropbox argues that a stay will simplify the triable Issues in this case. First, Dropbox argues that some or all of the asserted claims are "likely" to be cancelled, thus simplifying the case because there would be fewer claims. Dropbox states that "after a final written decision in the IPR

---

[3] *Rubin*, Dkt. 44 at 5 (fact discovery was set to open six months after motion to stay was filed; there was no trial date set for the case); *Bell Semiconductor*, 2022 WL 1447948, at *2 (the Court had not yet set deadlines for the close of fact or expert discovery, dispositive motions, or trial); *Anza*, 2018 WL 11314191, at *1 ("no factual discovery has been conducted on the merits, there is no trial date set, and the claims-construction hearing was recently cancelled").

8

proceedings and a subsequent appeal," estoppel will attach to the invalidity arguments Dropbox could pursue in this case. ECF No. 86 at 6–7. Second, Dropbox argues that a stay will conserve judicial resources and provide guidance from the PTAB. Dropbox explains that the expertise of the PTAB judges determining the validity of Datanet's patents will be beneficial if a stay is granted. Dropbox argues "statements" from Datanet in IPR may affect claim interpretation in this action. ECF No. 86 at 8.

Datanet disagrees with Dropbox that a stay will simplify the issues before this Court. To Datanet, Dropbox's claim that some claims will "likely" be cancelled is unfounded speculation and conjecture. Datanet notes that if the USPTO denies institution of an IPR on these patents, no judicial resources will be saved, no issues will be simplified, and time will be unnecessarily wasted. Datanet claims that even staying the case for approximately six months, until a decision not to institute review, would result in "a 40% increase" in this case's remaining schedule. ECF No. 97 at 5. Datanet offers a substantive response to Dropbox's estoppel point, listing a host of "system" prior art that has been cited in Dropbox's invalidity contentions, but which would not be part of estoppel under 35 U.S.C. § 315(e). ECF No. 97 at 6 (citing *Smart Mobile Tech., LLC v. Samsung Elecs. Co.*, 21-cv-701, slip op. (W.D. Tex. Oct. 24, 2023)). Datanet states that it is "entirely speculative" to conclude an IPR will simplify district court litigation before that IPR has been instituted. *Id.* at 6–7 (citing *Neo Wireless LLC v. Dell Techs. Inc.*, 22-cv-60, 2022 WL 2763139, at *1 (W.D. Tex. June 7, 2022)).

In the Court's judgment, Dropbox overstates the possible simplification of the case. Dropbox's argument is based upon some reduction in the number of asserted claims, the clarification of the patents' validity through the PTAB judges' expertise, or at least estoppel as to invalidity grounds, all of which require a final written decision. ECF No. 86 at 6–7. But the PTAB has not

instituted the IPRs, and it is not certain that it will. "[S]implification is entirely speculative at this time because the PTAB has not made its decision on whether to institute IPR." *Neo Wireless*, 2022 WL 2763139, at *1. Dropbox's cited cases on this point are based upon already-instituted IPRs, which is inapposite to the pre-institution posture that this case is currently in. *LS Cloud Storage Techs., LLC v. Google, LLC*, 22-cv-853, 2023 WL 5004870, at *1–2 (W.D. Tex. July 25, 2023); *Bell Semiconductor*, 2022 WL 1447948, at *1; *CyWee*, 2019 WL 11023976, at *8.[4]

The Court agrees with Datanet that the estoppel arguments from Dropbox are unsupported by specific prior art in this case. Dropbox simply points to the statutory estoppel policy found at 35 U.S.C. § 315(e), but does not tie that to any of the prior art asserted at the PTAB or raised in Dropbox's invalidity contentions. Without more, the Court cannot conclude that estoppel can simplify the case. Datanet points out that Dropbox's invalidity contentions contain system prior art, which is specific information that cannot be considered by the PTAB as part of an IPR, which further undermines Dropbox's conclusory statement that judicial resources might be saved by any estoppel. The Court also adds that any purported judicial resources that might be saved due to estoppel from being spent on an invalidity analysis could very well be expended simply ruling on whether estoppel applies in the first place, because that is not always a simple question and has split district courts. *See, e.g.*, *Prolitec Inc. v. ScentAir Techs., LLC*, 20-cv-984, 2023 WL 8697973, at *22 (D. Del. Dec. 13, 2023) ("There is a split among district courts . . . as to whether IPR estoppel extends to device art that is entirely cumulative of . . . prior art in the form of patents or printed

---

[4] It is not factually incorrect that many IPR petitions are granted; nor is it uncommon for many of those granted petitions to result in one or more claims being amended or invalidated. However, Dropbox falls short on supporting its categorical assertion that "The IPR proceedings" here "are likely to result in cancellation of some or all of the asserted claims." ECF No. 86 at 6. Dropbox does not even attempt to show if the purported "likelihood" is based on IPR statistics generally, an objective indicia of patent quality, a subjective assessment of the patents-in-suit, or something else.

publications that were or could have been raised in an IPR."). The Court also notes that other invalidity defenses such as patentability under § 101 or indefiniteness to which estoppel would never apply as they cannot be raised in the IPRs, though they can be raised in this Court.

Dropbox's argument that "statements" from Datanet made during IPR will aid the Court's claim construction and conserve judicial resources misses the mark. The Court has already construed the claims. The Court had the benefit of an appointed technical advisor. It is purely speculation and without foundation that additional statements from Datanet would alter this Court's construction particularly given the constructions were reached through the benefit of the technical advisor's expertise. The remaining cases Dropbox cites for promoting judicial efficiency by granting stays pending IPR are distinct in part because they granted motions to stay before a claim construction hearing. *Netlist, Inc. v. Micron Tech., Inc.*, 22-cv-134, Dkt. 68 at 3 (W.D. Tex. May 11, 2022); *Anza*, 2018 WL 11314191, at *2; *E-Watch, Inc. v. Lorex Can., Inc.*, 12-cv-3314, 2013 WL 5425298, at *3 (S.D. Tex. Sept. 26, 2013). Additionally, denying the motion to stay and allowing this case to proceed will also result in receiving "statements" from Datanet that will further explain the issues. The cases that Dropbox cites to argue there is a "substantial risk" validity claims the parties litigate at the District Court will ultimately be cancelled or amended by the USPTO are inapposite because they all involved instituted IPRs or the very-unique CBM review process. *VirtualAgility*, 759 F.3d at 1317; *Kirsch*, 2021 WL 4555610, at *3; *Crossroads Sys.*, 2015 WL 3773014, at *1.

## IV. CONCLUSION

When considering all of the factors, the Court finds that Dropbox failed to carry its burden of proving that any benefits of a stay outweigh the costs. Thus, Dropbox's motion, ECF No. 86, is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 28th day of December, 2023.

                                            DEREK T. GILLILAND
                                            UNITED STATES MAGISTRATE JUDGE